884 A.2d 240 (2005)
381 N.J. Super. 30
Michael J. BENT, Complainant-Appellant,
v.
TOWNSHIP OF STAFFORD POLICE DEPARTMENT, CUSTODIAN OF RECORDS, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 2005.
Decided October 21, 2005.
*242 Michael J. Bent, appellant, pro se.
Gilmore & Monahan, attorneys for respondent, Township of Stafford (Stephen K. Foran, Toms River, on the brief).
Peter C. Harvey, Attorney General of New Jersey, attorney for respondent, Government Records Council (Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).
Before Judges CUFF, PARRILLO and HOLSTON, JR.
The opinion of the court was delivered by
PARRILLO, J.A.D.
This is an appeal by Michael Bent from a final administrative determination of the Government Records Council (GRC) dismissing with prejudice his denial of access complaint pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. We affirm.
By way of background, on March 23, 2004, Bent filed a request for public records with the Stafford Township Custodian of Records. In this request, which consisted of five subparts lettered "a" through "e", Bent sought documents comprising the "entire file" of his criminal investigation conducted jointly by the Stafford Township Police Department (STPD), the United States Attorney for New Jersey, and a special agent of the Internal Revenue Service.[1] Additionally, Bent requested that the custodian provide him with "the factual basis underlying documented action and advice to third parties to act against my interest [having] been credited *243 to SPD under a Federal Grand Jury credit card investigation."
On March 30, 2004, the custodian responded by letter, specifically addressing the OPRA requests Bent listed in each of the five subparts of the March 23, 2004 request form. As to requests, "a" and "d", the custodian explained that complete copies of the two police files maintained by STPD had been provided previously to Bent, and further, that requests "b" and "c" consisted of statements, investigation theory and opinions, which are not "government records" under OPRA. As to the final request "e", the custodian advised that records of Ocean County grand jury subpoenas were sent directly to federal agents and, therefore, could not be provided.
Bent filed two supplementary requests, on March 29, 2004, and April 2, 2004. As to the former, the custodian advised that the STPD was not required under OPRA to respond because the correspondence contained a series of opinions, interpretations and statements, and not a request for government records. Likewise, the latter request also failed to request any new records and merely posed a series of questions. Therefore, the custodian considered Bent's OPRA request closed and informed Bent that the STPD would not respond to further repetitive requests for the same records.
On May 3, 2004, Bent filed a "complaint form" with the Stafford Township Mayor's Office, complaining of misconduct committed by the STPD and the custodian in the handling of his OPRA requests. Specifically, Bent claimed that the custodian had not provided the "entire SPD file" as he had requested previously. Thereafter, on June 16, 2004, Bent filed a "denial of access" complaint with the GRC repeating the allegations contained in the May 3, 2004 Stafford Township Mayor's Office complaint form, alleging that the custodian did not respond to his request and withheld records in the file without explanation. The custodian responded, in part, with a certification to the effect that copies of all Stafford Township records relating to Bent's criminal investigation have previously been provided to Bent, and that the balance of his claim was not a legitimate OPRA request for records, but rather for interpretations and opinions.
On October 14, 2004, the GRC's Executive Director recommended dismissal of Bent's complaint because the custodian properly addressed Bent's OPRA request. Specifically, the Executor Director concluded that although the May 3, 2004 correspondence may have constituted an OPRA documents request under N.J.S.A. 47:1A-1, the information sought did not fall within the statutory definition of "government record," and hence, there was no denial of access. As to Bent's argument that the custodian should have maintained specific documents on file, the Executive Director found that OPRA does not specify the types of records "required by law or regulation to be `... made, maintained and kept on file ...' N.J.S.A. 47:1A-1.1."
On October 14, 2004, the GRC voted unanimously to accept the Executive Director's "Findings and Recommendations," and issued a final decision dismissing Bent's complaint. On appeal, Bent argues that the requested information constitutes non-exempt public records subject to disclosure under OPRA and required to be maintained in the township's files. We disagree.
OPRA embodies the public policy of New Jersey that:
government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest, and any limitations *244 on the right of access accorded by [OPRA] ... shall be construed in favor of the public's right of access.... [N.J.S.A. 47:1A-1.]
OPRA takes the place of the former Right to Know Law, N.J.S.A. 47:1A-2 to -4, repealed by L. 2001, c. 404, and continues "the State's longstanding public policy favoring ready access to most public records." Serrano v. S. Brunswick Tp., 358 N.J.Super. 352, 363, 817 A.2d 1004 (App.Div.2003). Thus, "all government records shall be subject to public access unless exempt." N.J.S.A. 47:1A-1. On this score, the custodian of the government record has the burden of proving that the denial of access is authorized by law. N.J.S.A. 47:1A-6.
Although expansive, OPRA's definition of "government record" demarks the outer limits of the statute's reach. Importantly, OPRA limits its definition of "government record" to:
any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of... official business ... or that has been received in the course of ... official business ...
[N.J.S.A. 47:1A-1.1.]
This definition is not as broad as the common law definition of "public records". Bergen County Improvement Auth. v. N. Jersey Media Group, Inc., 370 N.J.Super. 504, 509-10, 851 A.2d 731 (App.Div.), certif. denied, 182 N.J. 143, 861 A.2d 847 (2004). Moreover, OPRA affirmatively excludes from such definition twenty-one separate categories of information, N.J.S.A. 47:1A-1.1, thereby "significantly reduc[ing] the universe of publicly-accessible information." Id. at 516-17, 851 A.2d 731. For instance, OPRA directs State custodians of public records to deny access to documents that are exempt from disclosure under federal law. N.J.S.A. 47:1A-5(a), -9. Another exemption shields from disclosure documents "deliberative in nature, containing opinions, recommendations, or advice about agency policies," and "generated before the adoption of an agency's policy or decision." Gannett New Jersey Partners L.P. v. County of Middlesex, 379 N.J.Super. 205, 219, 877 A.2d 330 (App.Div.2005); N.J.S.A. 47:1A-1.1.
Significantly for present purposes, OPRA only allows requests for records, not requests for information. See MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J.Super. 534, 546-49, 868 A.2d 1067 (App.Div.2005). In this regard, OPRA "is not intended as a research tool ... to force government officials to identify and siphon useful information." Id. at 546, 868 A.2d 1067. In other words, a records custodian is not required "to conduct research among its records... and correlate data from various government records in the custodian's possession." Id. at 546-47, 868 A.2d 1067. (internal citation omitted). To qualify under OPRA then, the request must reasonably identify a record and not generally data, information or statistics.
Nor does OPRA "authorize a party to make a blanket request for every document" a public agency has on file. See Gannett, supra, 379 N.J.Super. at 213, 877 A.2d 330. Rather, a party requesting access to a public record under OPRA must specifically describe the document sought. Ibid.; see also MAG Entm't, supra, 375 N.J.Super. at 546-49, 868 A.2d 1067. OPRA operates to make identifiable government records "readily accessible for inspection, copying, or examination." *245 N.J.S.A. 47:1A-1. As such, a proper request under OPRA must identify with reasonable clarity those documents that are desired, and a party cannot satisfy this requirement by simply requesting all of an agency's documents. OPRA does not authorize unbridled searches of an agency's property. In fact, if a request "would substantially disrupt agency operations, the custodian may deny ... [it and] ... attempt[ ] to reach a reasonable solution... that accommodates the interests of the requestor and the agency." N.J.S.A. 47:1A-5(g).
In the event access is denied, the GRC, within the Department of Community Affairs, is the administrative body charged with adjudicating OPRA disputes. N.J.S.A. 47:1A-6.[2] Specifically, N.J.S.A. 47:1A-7(b) provides, in part, that the GRC shall "receive, hear, review and adjudicate a complaint filed by any person concerning a denial of access to a government record by a records custodian." The purpose of its adjudicatory proceedings is to ". . . render a decision as to whether the record which is the subject of the complaint is a government record which must be made available for public access..." N.J.S.A. 47:1A-7(e).
Here, the GRC properly applied these governing principles in concluding there was no denial of access under OPRA. In the first place, to the extent Bent's request was for discrete records of the 1992 criminal investigation conducted by the STPD, the undisputed evidence is that there was full disclosure of all such documents in the custodian's possession. Second, to the extent Bent's request was for records that either did not exist or were not in the custodian's possession, there was, of necessity, no denial of access at all.[3]
Of course, even if the requested documents did exist, the custodian was under no obligation to search for them beyond the township's files. OPRA applies solely to documents "made, maintained or kept on file in the course of [a public agency's] official business," as well as any document "received in the course of [the agency's] official business." N.J.S.A. 47:1A-1.1. Contrary to Bent's assertion, although OPRA mandates that "all government records ... be subject to public access unless exempt," the statute itself neither specifies nor directs the type of record that is to be "made, maintained or kept on file". Ibid. In fact, in interpreting OPRA's predecessor statute, the Right to Know Law, we found no requirement in the law concerning "the making, maintaining or keeping on file the results of an investigation by a law enforcement official or agency into the alleged commission of a criminal offense." River Edge Sav. & Loan Ass'n v. Hyland, 165 N.J.Super. 540, 545, 398 A.2d 912 (App.Div.), certif. denied, 81 N.J. 58, 404 A.2d 1157 (1979). See also, State v. Marshall, 148 N.J. 89, 273-75, 690 A.2d 1 (1997); Daily Journal v. Police Dep't of City of Vineland, 351 N.J.Super. 110, 122-23, 797 A.2d 186 (App.Div.2002). Thus, even if the requested documents did exist in the files of outside agencies, Bent has made no showing that they were, by law, required to be "made, maintained or kept on file" by the custodian so as to justify any relief or remedy under OPRA. N.J.S.A. 47:1A-1.1.
*246 We do not view the balance of Bent's request to be a proper request for public records under OPRA. N.J.S.A. 47:1A-5(f) provides in pertinent part that "the custodian of a public agency shall adopt a form for the use of any person who requests access to a government record held or controlled by the public agency," which "shall provide space for ... a brief description of the government record sought." Here, Bent's general request for "information" neither identifies nor describes with any specificity or particularity the records sought. In his May 3, 2004, correspondence, Bent made no request for specific documents. Instead, he sought the custodian's response to his allegation of police misconduct, borne of his belief that certain unidentified and unnamed documents on file with the township were wrongfully concealed or withheld from him. For example, Bent sought "third party documents, which had been denied or withheld, and are missing from the `entire [Stafford Police Department] file'"; and documents confirming the police department's "self interests and bad faith" as well as its "oppressive use of authority." In essence, Bent sought general information to support his unsubstantiated claim of police misconduct. Such a request neither specifically describes the documents sought, N.J.S.A. 47:1A-5(f), nor seeks access to a public record, N.J.S.A. 47:1A-1.1. On the contrary, this open-ended demand requires analysis and evaluation which the agency is under no obligation to provide, instead of document disclosure authorized by OPRA. See MAG Entm't, supra, 375 N.J.Super. at 546-49, 868 A.2d 1067. It also seeks matters "deliberative in nature, containing opinions," interpretations and "advice about agency policies," specifically exempted from disclosure under OPRA. Gannett, supra, 379 N.J.Super. at 219, 877 A.2d 330. N.J.S.A. 47:1A-1.1. We conclude, therefore, that Bent's request is not a proper request for public records under OPRA, and the information it seeks is beyond the statutory reach.
Lastly, we simply note that the only issue properly before us on appeal is the propriety of the GRC's dismissal of Bent's "denial of access" complaint. His underlying claim of police misconduct was not within the GRC's province to resolve, and thus, the GRC properly declined to address the issue. And, of course, an issue not resolved by the GRC is not properly before us on appeal. Murphy v. Mayor Gerald Luongo, 338 N.J.Super. 260, 268, 768 A.2d 814 (App.Div.2001).
The GRC correctly limited its determination to whether the information requested constituted a government record within the meaning of OPRA and whether an unlawful denial of access had occurred. The GRC's determination in this regard, involving as it does an interpretation of the statute it is charged with administering, and with which we are in substantial accord, is entitled to great weight. In re Dist. of Liquid Assets, 168 N.J. 1, 10, 773 A.2d 6 (2001); Kasper v. Teachers' Pension and Ann. Fund, 164 N.J. 564, 580-81, 754 A.2d 525 (2000).
Affirmed.
NOTES
[1] Apparently shortly after the STPD investigation commenced, it was transferred to the United States Attorney's Office on April 15, 1992 following which the role of the STPD was limited to assisting federal investigators. Ultimately, in September 1998, Bent, a former Stafford Township Committeeman and a certified public accountant, pled guilty to a single count of filing a false 1988 personal income tax return in violation of 26 U.S.C.A. § 7206. Shortly thereafter, on May 31, 1999, Bent filed a complaint in Superior Court against Stafford Township and other individuals, alleging malicious prosecution and violations of his federal and state constitutional rights due to their involvement in the 1992 search of his home and cooperation with federal prosecutors. The summary judgment dismissal of this lawsuit was affirmed on appeal.
[2] A person who is denied access to a government record by the custodian of record may, alternatively, "institute a proceeding to challenge the custodian's decision", in the Law Division. N.J.S.A. 47:1A-6.
[3] Indeed, Bent offers no competent proof to the contrary, but simply assumes their existence based on his own review and interpretation of IRS and other "third party" documents generated by the federal investigation.