**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4204-16T2
A-4276-16T2

VAUGHN SIMMONS,

    Appellant,

v.

CITY OF NEWARK,

    Respondent.

_____

Submitted September 24, 2018 – Decided October 19, 2018

Before Judges Messano and Rose.

On appeal from the New Jersey Government Records Council, GRC Nos. 2015-343 and 2015-329.

Vaughn Simmons, appellant pro se.

Kenyatta K. Stewart, Acting Corporation Counsel, City of Newark, attorney for respondent City of Newark (Samora F. Noguera, Assistant Corporation Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Government Records Council (Cameryn J.

Hinton, Deputy Attorney General, on the statements in lieu of briefs).

PER CURIAM

In these matters, calendared back to back and consolidated for purposes of this opinion, complainant Vaughn Simmons appeals from the January 31, 2017[1] and April 27, 2017 final agency decisions of the Government Records Council (GRC), denying Simmons' requests for disclosure of certain records pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. We affirm.

We provide a brief background, reciting the facts and procedural history pertinent to these appeals. Following an investigation of two armed robberies in December 2009, Newark Police Detective Angel Perez appeared before a municipal court judge and obtained a warrant to arrest Simmons. It is unclear whether Perez's testimony was recorded. In June 2010, Perez testified before a

---

[1] Simmons filed a request for reconsideration of the GRC's January 31 decision, alleging criminal conduct by the City of Newark Police Department (NPD). On April 25, 2017, the GRC issued a final decision, denying that request. However, Simmons' notice of appeal does not designate the GRC's April 25 final decision and, as such, we decline to address it. See R. 2:5-1(e)(3)(i); 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (recognizing that we review "only the judgment or orders designated in the notice of appeal").

grand jury, which returned indictments charging Simmons with both robberies and weapons-related offenses. Simmons claims Perez fabricated evidence against him resulting in his convictions and imprisonment for some of the charges.

Five years later, Simmons filed two separate OPRA requests with the City of Newark for: (1) copies of "the complaint and [disciplinary] history of Detective Angel Perez . . . [including] any promotions and demotions of this same law enforcement agent" (the personnel records request); and (2) the "audio C.D. recording of the probable cause testimony/transcript or the equivalent communicat[ion before the municipal judge]" (the probable cause recording request). The City ultimately denied both requests, contending: (1) the personnel records request sought information from internal affairs files that are privileged and confidential, although a "diligent search" of Perez's file revealed no records of demotions or promotions; and (2) the probable cause recording request sought records that are not maintained by the City's OPRA department, but might be maintained by the Newark Municipal Court, the Superior Court's Essex Vicinage, or the Essex County Prosecutor's Office.

Simmons filed a Denial of Access Complaint with the GRC for both requests, because the City's response to each request was untimely. Regarding

the personnel records request, the City's custodian of records initially responded to Simmons, within the statutory seven-day period,[2] but sought extensions to conduct a search of the requested documents with assistance from the NPD. Concerning the probable cause recording request, the custodian filed a statement of information certifying his office was not made aware of Simmons' request until the GRC contacted the custodian, due to "an administrative oversight."

In separate final agency decisions, the GRC upheld the City's denials of access to both of Simmons' requests. Common to both decisions, the GRC found the City failed to respond timely, resulting in a "'deemed' denial." See N.J.S.A. 47:1A-5(i). However, in both instances, the GRC determined the City's denial was not knowing or willful.

Specifically, the GRC found the City's denial of access to Perez's personnel records was not contrary to OPRA's requirements because those

---

[2] N.J.S.A. 47:1A-5(i), which requires, in pertinent part, that

> a custodian of a government record shall grant access to a government record or deny a request for access to a government record as soon as possible, but not later than seven business days after receiving the request, provided that the record is currently available and not in storage or archived. In the event a custodian fails to respond within seven business days after receiving a request, the failure to respond shall be deemed a denial of the request[.]

records are confidential and exempt from public access. Further, the City ultimately responded to Simmons after receiving a response from the NPD regarding its search efforts. Based on the totality of the circumstances, the GRC determined "the [c]ustodian's actions [did] not rise to the level of a knowing and willful violation of OPRA [or an] unreasonable denial of access."

Concerning the probable cause recording request, the GRC found persuasive the custodian's certification that his office does not maintain those records, and Simmons "failed to submit any competent, credible evidence to refute the [c]ustodian's certification." Again, the GRC found the totality of the circumstances did not warrant a finding that the custodian knowingly and willfully violated OPRA. This appeal followed.

On appeal, Simmons raises the following points for our consideration regarding the personnel records request:

> POINT I
>
> [SIMMONS'] RECORD REQUEST FOR [PEREZ'S] INTERNAL AFFAIRS FILE LIMITED TO COMPLAINTS AGAINST THE OFFICER AND ANY DISCIPLINARY ACTION TAKEN SHOULD HAVE BEEN GRANTED BECAUSE THE DETECTIVE FABRICATED EVIDENCE IN A CASE AGAINST [SIMMONS] AND THE EXCEPTION TO THE RULE GRANTS [SIMMONS] ACCESS TO THE FILES.

POINT II

THE . . . GRC ERRED AND DID NOT CONSIDER ADDITIONAL SUBMISSIONS IN [SIMMONS'] REQUEST FOR RECONSIDERATION WHICH IF CONSIDERED WOULD HAVE REVERSED CUSTODIAN[']S DENIAL.

POINT III

THE . . . GRC ERRED IN NOT REVERSING . . . [THE] CUSTODIAN[']S DENIAL BECAUSE [SIMMONS'] RECORD REQUEST IN-PART FOR PROMOTIONAL AND DEMOTIONAL RECORD SHOULD HAVE BEEN GRANTED BECAUSE DETECTIVE HAD TO BE PROMOTED TO THAT RANK.

Further, Simmons raises the following arguments regarding the probable

cause recording request:

POINT I

[A.] THE . . . CUSTODIAN ERRED IN DENYING [SIMMONS'] RECORD REQUEST BECAUSE [SIMMONS] TIMELY SOUGHT THE REQUESTED RECORDS FROM ALL [OF] THE APPROPRIATE DEPARTMENTS BUT WAS DENIED.

B. [SIMMONS] ARGUES THE . . . CUSTODIAN ERRED IN STATING THE CITY OF NEWARK DOES NOT MAINTAIN OR HAVE CONTROL OVER [SIMMONS'] REQUEST.

C. THE . . . CUSTODIAN['S] ACTIONS WERE KNOWING AND WILLFUL.

6

POINT II

THE . . . GRC ERRED IN DENYING [SIMMONS']
RECORD REQUEST BECAUSE THE . . .
CUSTODIAN ADMITTED MISTAKE AND RELIED
ON A RULE FOR DENIAL . . . WHICH [SIMMONS]
ARGUES HAS NO MERIT.

POINT III

THE . . . GRC ERRED IN NOT REVERSING
[SIMMONS'] RECORD REQUEST BECAUSE [IT]
DID NOT CONSIDER ADDITIONAL
INFORMATION.

Our review of a GRC decision "is governed by the same standards as review of a decision by any other state agency." Fisher v. Div. of Law, 400 N.J. Super. 61, 70 (App. Div. 2008) (citation omitted), and is therefore limited. In re Stallworth, 208 N.J. 182, 194 (2011). We "will not overturn an agency's decision unless it violates express or implied legislative policies, is based on factual findings that are not supported by substantial credible evidence, or is arbitrary, capricious or unreasonable." Fisher, 400 N.J. Super. at 70.

Whether an agency's decision is arbitrary, capricious, or unreasonable requires a reviewing court to determine,

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying

7

> the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Stallworth, 208 N.J. at 194.]

The burden of demonstrating that the agency's decision was arbitrary, unreasonable, or capricious rests with the appellant. See Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987).

The GRC is authorized to interpret OPRA. See N.J.S.A. 47:1A-7(b). Although the agency's determination regarding the applicability of OPRA is a legal conclusion subject to plenary review, see O'Shea v. Township of West Milford, 410 N.J. Super. 371, 379 (App. Div. 2009), "under our deferential standard of review, we give weight to the GRC's interpretation of OPRA." McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010). "We do not, however, simply rubber stamp the agency's decision." Bart v. City of Paterson Hous. Auth., 403 N.J. Super. 609, 618 (App. Div. 2008) (citation omitted).

"OPRA's purpose is 'to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process.'" Mason v. City of Hoboken, 196 N.J. 51, 64-65 (2008)

(quoting Asbury Park Press v. Ocean Cty. Prosecutor's Office, 374 N.J. Super. 312, 329 (Law Div. 2004)). However, OPRA does not "'authorize a party to make a blanket request for every document' a public agency has on file." Bent v. Stafford Police Dep't, Custodian of Records, 381 N.J. Super. 30, 37 (App. Div. 2005) (quoting Gannett N.J. Partners, LP v. Cty. of Middlesex, 379 N.J. Super. 205, 213 (App. Div. 2005)). "OPRA does not authorize unbridled searches of an agency's property." Ibid. "Not every paper prepared by a public employee fits within the definition of a government record for purposes of OPRA." Bart, 403 N.J. Super. at 617.

To achieve its purpose, OPRA provides that "government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, [subject to] certain exceptions[.]" N.J.S.A. 47:1A-1.

OPRA broadly defines the term "government record" to include:

> any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of his[, her,] or its official business by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, or that has been received in the ordinary course of his[, her,] or its official business by any such officer,

commission, agency, or authority of the State or of any political subdivision thereof, including subordinate boards thereof.

[N.J.S.A. 47:1A-1.1.]

Certain government records, including personnel records, however, are exempt from public access under OPRA. See N.J.S.A. 47:1A-10. Pertinent to this appeal, OPRA's personnel record exemption "begins with a presumption of non-disclosure and proceeds with a few narrow exceptions . . . ." Kovalcik v. Somerset Cty. Prosecutor's Office, 206 N.J. 581, 594 (2011). When interpreting this exemption's scope, "courts have tended to favor the protection of employee confidentiality." McGee, 416 N.J. Super. at 615.

Having reviewed the record, and applying our highly deferential standard of review, we find no basis to disturb the GRC's final decisions. Rather, there is sufficient credible evidence in the record as a whole supporting the GRC's decision. R. 2:11-3(e)(1)(D).

In sum, Perez's disciplinary history, including any promotions or demotions, even if they did exist, clearly are personnel records, which are exempt from public disclosure pursuant to N.J.S.A. 47:1A-10. Secondly, the probable cause recording, assuming it exists, is not in the City's custody. It follows, therefore, that the City cannot produce records that either do not exist

or are not in its custody. Accordingly, Simmons has not met his burden of demonstrating the GRC's decisions were arbitrary, capricious or unreasonable. See Barone, 210 N.J. Super. at 285.

To the extent we have not addressed Simmons' remaining contentions, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION