NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0413-15T4

IN THE MATTER OF
STATE OF NEW JERSEY,

    Respondent/Cross-Appellant,

and

FRATERNAL ORDER OF POLICE LODGE
91,

    Appellant/Cross-Respondent.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **June 26, 2017** |
| **APPELLATE DIVISION** |

Argued May 16, 2017 - Decided June 26, 2017

Before Judges Reisner, Koblitz and Mayer.

On appeal from the Public Employment Relations
Commission, P.E.R.C. No. 2016-11.

Frank M. Crivelli argued the cause for
appellant/cross-respondent Fratnernal Order
of Police Lodge 91 (Crivelli & Barbati,
attorneys; Mr. Crivelli, on the brief).

James J. Gillespie argued the cause for
respondent/cross-appellant State of New
Jersey (Jackson Lewis, attorneys; Jeffrey J.
Corradino, of counsel; Mr. Gillespie, on the
brief).

Frank C. Kanther, Deputy General Counsel,
argued the cause for respondent New Jersey
Public Employment Relations Commission (Robin
T. McMahon, General Counsel, attorney; Mr.
Kanther, on the brief).

The opinion of the court was delivered by

REISNER, P.J.A.D.

Fraternal Order of Police Lodge 91 (FOP) appeals, and the State cross-appeals, from a September 3, 2015 final decision of the Public Employment Relations Commission (PERC) adopting, in pertinent part, a lengthy and meticulously detailed interest arbitration award deciding the terms of an initial collective negotiations agreement (CNA) between the Division of Criminal Justice (DCJ) and a newly certified unit representing DCJ investigators. The FOP contends that PERC erred as a matter of law in its February 13, 2015 interlocutory decision directing the arbitrator to apply the two percent statutory cap on salary increases, set forth in N.J.S.A. 34:13A-16.7.[1] The State contends that PERC erred in confirming the award with respect to certain non-salary issues, including an education reimbursement, paid time off to attend certain educational classes, a $300 clothing allowance, and arbitration of minor discipline.[2]

---

[1] That decision did not become ripe for an appeal as of right until PERC issued its final decision. FOP previously filed a motion for leave to appeal, which we denied.

[2] Before oral argument of the appeal, the State withdrew an additional issue concerning the manner in which the arbitrator implemented the two percent cap.

On the cross-appeal, we conclude that PERC's decision as to the non-salary issues is not arbitrary and capricious, see In re State, 443 N.J. Super. 380, 384-86 (App. Div.), certif. denied, 225 N.J. 221 (2016), and we affirm for the reasons stated in the agency's September 23, 2015 decision. The State's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

We affirm on the FOP's appeal, substantially for the reasons stated in the agency's February 13, 2015 decision. We owe deference to PERC's reasonable interpretation of its enabling statute, and we find no basis to depart from that deference here. See In re Camden Cty. Prosecutor, 394 N.J. Super. 15, 23 (App. Div. 2007). We agree with PERC that the two percent cap applies where, as here, a newly certified bargaining unit is negotiating its first CNA with the public employer. We reject the FOP's argument, because read as a whole and construed in light of its purposes, the Police and Fire Public Interest Arbitration Reform Act, N.J.S.A. 34:13A-14 to -16.9, both entitles a newly certified unit to demand interest arbitration and subjects that arbitration process to the two percent cap.[3]

---

[3] Unless further extended by the Legislature, the two percent cap will expire at the end of 2017 as set forth in N.J.S.A. 34:13A-16.9. See L. 2014, c. 11, § 4. As a result, although this case

Read literally, the Act does not permit interest arbitration for newly certified bargaining units or subject such arbitrations to the cap. Both N.J.S.A. 34:13A-16(b)(2), requiring interest arbitration, and the section setting forth the two percent cap, N.J.S.A. 34:13A-16.7(b), apply by their terms to situations in which an existing CNA is expiring. However, a literal reading of the Act would produce absurd results, contrary to its purpose. See Perez v. Zagami, LLC, 218 N.J. 202, 209-11 (2014).

> [W]here a statute or ordinance does not expressly address a specific situation, the court will interpret it "consonant with the probable intent of the draftsman 'had he anticipated the matter at hand.'" In that regard, "[i]t is axiomatic that a statute will not be construed to lead to absurd results."
>
> [Twp. of Pennsauken v. Schad, 160 N.J. 156, 170 (1999) (citations omitted).]

One of the Act's central goals is to resolve law enforcement labor disputes through interest arbitration. See N.J.S.A. 34:13A-14(a); In re State, 114 N.J. 316, 326 (1989). That requirement "shall be liberally construed." N.J.S.A. 34:13A-14(d). Applying the statute to newly certified bargaining units, negotiating their first CNAs, serves that purpose. Another important purpose of the Act is to limit the economic burden on public employers and

---

presents a novel issue, we acknowledge that our decision may have limited application.

preserve the public fisc.  See N.J.S.A. 34:13A-16.8; Assembly Law and Pub. Safety Comm., Statement to Assembly Comm. Substitute for A. 3393, Dec. 9, 2010.  Therefore, it serves the economic policies expressed in the Act to apply the two percent salary cap uniformly, whether an interest arbitration concerns an expiring CNA or the negotiation of a unit's first CNA.

Accordingly, we agree with PERC that the FOP cannot obtain the Act's benefits without also accepting its burdens. Interpreting the Act to give newly certified bargaining units the benefit of interest arbitration without the financial limit of the two percent cap would produce a skewed result, at odds with the Legislature's intent in enacting the salary cap provision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0413-15T4