## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4178-19

IN THE MATTER OF RUTGERS,
THE STATE UNIVERSITY OF
NEW JERSEY,

      Respondent-Respondent,

and

AAUP – BIOMEDICAL AND
HEALTH SCIENCES OF NEW
JERSEY,

      Respondent-Respondent,

and

ESTATE OF DR. GAETANO G.
SPINNATO,

      Charging Party-Appellant.

_____

Argued January 25, 2022 – Decided October 3, 2022

Before Judges DeAlmeida and Smith.

On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2019-031.

Nicolette G. DeSimone argued the cause for appellant (Bio & Laracca, PC, attorneys; Sebastian M. Bio and Nicolette G. DeSimone, on the brief).

James P. Lidon argued the case for respondent Rutgers, the State University of New Jersey (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; James P. Lidon, of counsel and on the brief).

Patricia A. Villanueva argued the cause for respondent AAUP, Biomedical and Health Sciences of New Jersey (Weissman & Mintz, LLC, attorneys; Patricia A. Villanueva, on the brief).

John A. Boppert, Deputy General Counsel, argued the cause for respondent New Jersey Public Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; John A. Boppert, on the statement in lieu of brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Charging party Estate of Dr. Gaetano G. Spinnato (Estate)[1] appeals from the March 26, 2020 final agency decision of the Public Employment Relations Commission (PERC) sustaining a decision by its Director of Unfair Practices (Director) not to issue a complaint alleging unfair labor practices under the New Jersey Employer-Employee Relations Act (Act), N.J.S.A. 34:13A-1 to -64,

---

[1] Dr. Spinnato died after filing the notice of appeal. We entered an order pursuant to R. 4:34-1 substituting the Estate as the charging party.

against Spinnato's employer, respondent Rutgers, the State University of New Jersey (Rutgers), and his majority representative, respondent AAUP – Biomedical and Health Sciences of New Jersey (AAUP). We affirm.

I.

Spinnato was a professor at the Rutgers School of Dental Medicine, a public entity. He was included in a faculty collective negotiations unit of AAUP, which was a party to a collective negotiations agreement (CNA) with Rutgers. Spinnato held a .8 full-time appointment and was scheduled to work four days a week. He was generally not scheduled to work on Mondays.

Pursuant to the CNA, AAUP filed a step-one grievance on behalf of Spinnato with Rutgers's Office of Academic Labor Relations (OALR), alleging that Rutgers breached Article IX of the agreement. That provision states that in addition to four float holidays:

> [f]aculty unit members . . . shall be entitled to the following holidays: New Year's Day, Martin Luther King[,] Jr. Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, the day after Thanksgiving and Christmas Day.

AAUP argued that Article IX entitled faculty members to the equivalent of eight holidays each year. Thus, AAUP argued, faulty members, such as Spinnato, who are not scheduled to work on a designated holiday, many of which are on

Mondays, are entitled to compensatory time off that could be used on a regularly scheduled workday.

The Executive Director of the OALR denied the grievance. In a written decision, the Executive Director reasoned that the CNA "lists the specific holidays that the unit members are entitled to; it does not state that every unit member is entitled to eight holidays." Rutgers interpreted the CNA to pay unit members for a holiday only if they are scheduled to work on a holiday enumerated in the agreement.

AAUP sought arbitration. Although an arbitration hearing was scheduled, AAUP, over Spinnato's objection, decided to adjourn the arbitration indefinitely to address the issue of holiday compensation time in collective negotiations for the successor agreement. The CNA give AAUP, not the individual grievant, the right to proceed to arbitration if it is not satisfied with the disposition of the step-one grievance. AAUP informed Spinnato of its decision on July 2, 2018.

On or about July 11, 2018, Spinnato filed unfair labor practice charges with PERC against Rutgers and AAUP. He alleged Rutgers's denial of his step-one grievance and the union's decision to hold the arbitration in abeyance while it addressed the holiday compensation time issue through collective negotiations

4

constituted unfair labor practices.  On October 25, 2018, Spinnato withdrew these charges.

On January 11, 2019, a Rutgers employee sent Spinnato an email stating:

> You authorized the deduction of union dues from your paycheck.  The University inadvertently failed to deduct dues from your July 27, 2018 paycheck.  As a result, the University will be deducting the July 27 dues from your January 25, 2019 and February 22, 2019 paychecks and will equally divide the deduction between these two paychecks.  The University apologizes for this inconvenience.

Spinnato responded with an email directing Rutgers not to deduct union dues from his pay.  He stated that he had repeatedly told AAUP he was withdrawing from the union, but his withdrawal had not been effectuated.

On March 6, and 13, 2019, Spinnato again filed unfair labor practice charges with PERC against Rutgers and AAUP.  He alleged Rutgers denied him compensatory time off for twenty-three holidays since 2014 that coincided with his scheduled days off and that the university made several mistakes in denying his grievance.  He also alleged that AAUP held the arbitration in abeyance without his consent and refused to process his withdrawal from the union.

On April 5, 2019, the AAUP's Executive Director sent Spinnato an email stating that the union had processed his request to be dropped from membership.

A-4178-19

He advised Spinnato that members ordinarily cannot resign until July 1 each year, but that the union had made an exception for Spinnato.

On January 21, 2020, the Director issued a written opinion refusing to file a complaint alleging unfair labor practices against Rutgers and AAUP. The Director concluded that Spinnato's allegations regarding holiday compensation time are time-barred because they were filed after the six-month filing deadline established in N.J.S.A. 34:13A-5.4(c). The Director found that as of July 2, 2018, Spinnato was aware of Rutgers's interpretation of the CNA and the AAUP's decision to hold the arbitration in abeyance in favor of collective negotiations. He did not file the charges with PERC, however, until March 6, 2019, well more than six months later. The Director noted that Spinnato elected to withdraw the previously filed timely charges concerning holiday compensation time.

In addition, the Director determined that even if Spinnato had filed the charges in a timely fashion, they failed to meet the standard for issuance of a complaint. He reasoned that PERC does not have jurisdiction over disputes solely involving the interpretation of a CNA, which was the case with respect to Spinnato's holiday compensation time allegations. In addition, the Director concluded that only the majority representative of public employees can bring a

claim before PERC alleging an unfair labor practice under the relevant provisions of the Act. The Director also found that a public employer does not violate the Act where a majority representative of its employees refuses to process a grievance to arbitration because there is no right to arbitration.

The Director found that the only possible claim Spinnato could bring before PERC with respect to the holiday compensation time was an allegation that AAUP breached its duty of fair representation pursuant to N.J.S.A. 34:13A-5.7. The Director determined, however, that AAUP's decision that the issue was more suitable for resolution through collective negotiations was within the reasonable discretion afforded to unions to determine how best to represent their members. He noted that nothing in Spinnato's charge suggested the union made its strategic decision based on an unlawful motive. Because Spinnato had not alleged a valid claim regarding the grievance against AAUP with respect to holiday compensation time, the Director reasoned, he also did not allege a valid claim on this point against Rutgers.

With respect to Spinnato's allegations regarding his withdrawal from AAUP, the Director found that Spinnato did not comply with the union membership withdrawal procedures set forth in the Workplace Democracy Enhancement Act, N.J.S.A. 34:13A-5.11 to -5.15, or the CNA. In addition, the

Director concluded that a dispute concerning withdrawal from a union does not constitute an unfair labor practice under the Act. Spinnato appealed the Director's decision to PERC.

On March 26, 2020, PERC issued a final agency decision sustaining the Director's refusal to issue a complaint against Rutgers and AAUP. PERC rejected Spinnato's argument that the record contained proof that he was prevented from timely re-filing his initial unfair labor practices charge. In addition, PERC rejected Spinnato's argument that his dispute with Rutgers regarding holiday compensatory time constituted a failure to negotiate in good faith. PERC instead agreed with the Director's conclusion that Spinnato asserted a grievance based on a breach of the CNA, over which the Commission lacks statutory jurisdiction. PERC also agreed that Spinnato offered no convincing factual or legal basis to conclude that the processing of his resignation from AAUP constituted an unfair labor practice.

The appeal follows.

II.

"[W]e will not upset a State agency's determination in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated a legislative policy expressed or

implicit in the governing statute." In re Camden Cty. Prosecutor, 394 N.J. Super. 15, 22-23 (App. Div. 2007) (emphasis omitted) (quoting Cty. of Gloucester v. PERC, 107 N.J. Super. 150, 156 (App. Div. 1969)). "Although an agency's 'interpretation of the statute it is charged with administering . . . is entitled to great weight' . . . [appellate courts] will not yield to PERC if its interpretation is 'plainly unreasonable, contrary to the language of the Act, or subversive of the Legislature's intent.'" Id. at 23 (quoting N.J. Tpk. Auth. v. AFSCME Council 73, 150 N.J. 331, 352 (1997)) (citation omitted).

PERC is charged with administering the Act and its interpretation of the statute is entitled to substantial deference. N.J. Tpk. Auth., 150 N.J. at 352. It has authority to issue a complaint where it appears that the charging party's allegations, if true, may constitute an unfair practice within the meaning of the Act. N.J.S.A. 34:13A-5.4(c); N.J.A.C. 19:14-2.1. However,

> no complaint shall issue based upon any unfair practice occurring more than six months prior to the filing of the charge unless the person aggrieved thereby was prevented from filing such a charge in which event the six-month period shall be computed from the day he was no longer so prevented.
>
> [N.J.S.A. 34:13A-5.4(c).]

Having carefully reviewed Spinnato's arguments in light of the record and applicable legal principles, we affirm the March 26, 2020 final agency decision

9

for the reasons stated by PERC and the Director in their thorough and well-reasoned written opinions. Spinnato filed his charges concerning holiday compensation time with PERC long after the six-month period established in 34:13A-5.4(c). Spinnato's claim he was prevented from filing his charges in a timely fashion lacks any evidentiary support. In fact, the record establishes that he was aware of AAUP's decision to hold the arbitration in abeyance on July 2, 2018.

We also agree with PERC's conclusion that the manner in which Rutgers and AAUP processed Spinnato's request to withdraw from the union did not violate the law and would not, even if not in compliance with the CNA or N.J.S.A. 34:13A-5.11 to -5.15, constitute an unfair labor practice under the Act.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4178-19