**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0743-23

IN THE MATTER OF
PBA LOCAL 29,

     Petitioner-Appellant,

and

TOWNSHIP OF IRVINGTON,

     Respondent-Respondent.

_____

Argued April 9, 2024 – Decided May 15, 2024

Before Judges Sumners and Torregrossa-O'Connor.

On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2024-8.

Brittany Rose Naimoli argued the cause for appellant (Trimboli & Prusinowski, LLC, attorneys; James Prusinowski and Brittany Rose Naimoli, on the briefs).

Craig B. Novak argued the cause for respondent Township of Irvington (Taylor Law Group, LLC, attorneys; Craig B. Novak, of counsel and on the brief).

John Andrew Boppert, Deputy General Counsel, argued the cause for respondent New Jersey Public

Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; John Andrew Boppert, on the statement in lieu of brief).

PER CURIAM

In accordance with Article XXII, § 17 [hereinafter Section 17] of its collective negotiations agreement with the Irvington PBA Local 29, the Township of Irvington deducted approximately $3,500 from each final paycheck of seven PBA members (grievants) to recoup training costs (academy training, uniforms, and equipment) the Township expended on them because they resigned within five years after their employment began.[1]  In response, the PBA filed for binding grievance arbitration, claiming "the [T]ownship . . . has

---

[1]  Section 17 provides in pertinent part:

> The parties agree that any officer hired on or after October 1, 2017 shall be required to remain employed with the Township of Irvington as a Police Officer for a period of no less than five (5) full years.  Failure to be employed by the Township upon the completion of the 365th day in the 5th year of employment shall result in the officer being required to return all training fees paid on behalf of the employee.  Such fees include, but are not limited to, the academy, workshops and other such trainings, and the officer shall be required to reimburse the Township for all payments made to the officer and/or on the officer's behalf for uniforms and equipment.

improperly and unilaterally altered the terms and conditions of employment by violating" Section 17.

Prior to the arbitration hearing, the PBA filed a scope of negotiations petition with the New Jersey Public Employment Relations Commission (PERC) to restrain arbitration. PBA requested PERC declare Section 17 preempted by N.J.S.A. 40A:14-178, which provides that a county or municipality can be reimbursed for training costs of a resigning law enforcement officer by the officer's new county or municipal law enforcement agency under certain circumstances.[2] PBA contended the statute is the "exclusive remedy" for

---

[2] N.J.S.A. 40A:14-178 provides in relevant part:

> a. Whenever a person who resigned as a member of a county or municipal law enforcement agency is appointed to another county or municipal law enforcement agency, . . . within 120 days of resignation, and that person held a probationary appointment at the time of resignation or held a permanent appointment for 30 days or less prior to resignation, the county or municipal law enforcement agency, . . . is liable to the former county or municipal employer, as appropriate, for the total certified costs incurred by the former employer in the examination, hiring, and training of the person.

> b. Whenever a person who resigned as a member of a county or municipal law enforcement agency is appointed to another county or municipal law

3

training costs reimbursement when a law enforcement officer leaves employment.

PERC denied PBA's petition to restrain binding arbitration. PERC first found Section 17 was properly bargained by the Township and the PBA incorrectly relied on New Jersey Transit Authority v. New Jersey Transit PBA, Local 304, which held an employer's "requirement that police recruits agree to repay training costs if they leave employment within two years" is mandatorily negotiable. 314 N.J. Super. 129, 132, 138-39 (App. Div. 1998). Next, PERC determined Section 17 was not preempted by N.J.S.A. 40A:14-178. PERC reasoned "the statute provides no means for reimbursement when an officer resigns after two years and/or is not re-hired by another law enforcement agency," and "is . . . silent as to whether reimbursement is limited solely to the conditions specified in the statute." PERC also stressed there is no legislative history or case law providing that "the statute . . . exclusively fixes the terms of

enforcement agency, . . . within 120 days of resignation, and that person, at the time of resignation held a permanent appointment for more than 30 days but less than two years, the county or municipal law enforcement agency, . . . is liable to the former county or municipal employer, as appropriate, for one-half of the total certified costs incurred by the former employer in the examination, hiring and training of that person.

4

training-cost reimbursement expressly, specifically and comprehensively, and leaves employers with no discretion to negotiate reimbursement terms that are not expressly covered by the law."[3] PERC also questioned whether the statute applies to the situation at hand because "the record does not reflect if any of the grievants were appointed to another law enforcement agency within 120 days of resigning from their Township positions" and "only one of the grievants (who resigned after nine months of service with the Township) would fall within [N.J.S.A. 40A:14-178's] length of service parameters." PERC did not consider the PBA's claim mentioned in its petition's "Summary of the Case" that the Township's payroll deductions violated New Jersey's Wage and Hour Law, N.J.S.A. 34:11-56a to -56a41, and related regulations because the PBA did not provide legal argument to support its position. Lastly, PERC rejected PBA's

---

[3] In a footnote, PERC stated:

> For the same reasons, we are not persuaded by the PBA's argument that today['s] negotiations over the training-cost reimbursement provision in New Jersey Transit, [314 N.J. Super at 138], would be preempted by N.J.S.A. 27:25-15.1b, a law enacted in 2021 that established training-cost reimbursement parameters regarding N.J. Transit police officers identical to those applicable to counties and municipalities under N.J.S.A. 40A:14-178.

A-0743-23

claim that Section 17 constitutes a penalty "not reasonably related to the actual costs or harm incurred by the Township" because it goes "to the merits of the grievance, . . . is outside of our scope of negotiations jurisdiction[,][Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ., 78 N.J. 144, 154 (1978)]," and thus "may be raised to the arbitrator."

Before us, the PBA reiterates the arguments PERC rejected. Because PERC's decision turned on the interpretation of a statute outside the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -29, — whether Section 17 was preempted by N.J.S.A. 40A:14-178 — our review is de novo. In re Camden Cnty. Prosecutor, 394 N.J. Super. 15, 23 (App. Div. 2007). That said, we do not take issue with PERC's interpretation of N.J.S.A. 40A:14-178 that it does not preempt Section 17; therefore, making the Section 17's allowance of training costs recoupment mandatorily negotiable and subject to binding grievance arbitration. In addition, we agree with PERC that the PBA's challenge to the amount of training costs recouped from the grievants is an issue to be resolved by the arbitrator. Finally, we decline to consider PBA's contention that the payroll deductions violated the Wage and Hour Law and related regulations because it was not properly presented before PERC and therefore not considered. See Zaman v. Felton, 219 N.J. 199, 227 (2014) ("[D]eclin[ing] to

consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." (quoting State v. Robinson, 200 N.J. 1, 20 (2009))); see also Noye v. Hoffmann-La Roche Inc., 238 N.J. Super. 430, 432 n.2 (App. Div. 1990) (concluding an issue not argued in a brief is deemed abandoned). In sum, PERC's decision was not arbitrary, capricious, or unreasonable and will be left to stand. See City of Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 568 (1998).

To the extent we have not addressed any arguments raised by the PBA, they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0743-23